(Decided 4th December, 1885.)

EMILY L. ELLIOTT *vs.* JOSEPH B. BRYAN, and others.

*Life Policy—Husband and Wife—Assignment of Policy—*
*Acts of 1862, ch. 9, and 1878, ch. 200.*

Under the Act of 1862, ch. 9, amendatory of sec. 8, of Art. 45, of the Code of Public General Laws, a husband may cause his own life to be insured for the sole use of his wife, and may also assign any policy of insurance upon his own life, to his wife, for her sole use; and in case she survives him, the amount of such insurance shall be payable to her, for her own use, free from the claims of his representatives, or of any of his creditors.

The Act of 1862, ch. 9, which enables a husband to make a settlement on his wife, which will be protected from any claim of his creditors, is in no way affected by the Act of 1878, ch. 200. The latter Act is an enabling and not a restraining statute. It gives the wife an additional right, but does not take away any already existing.

APPEAL from the Circuit Court for Prince George's County, in Equity.

Joseph B. Bryan filed a bill in equity, in which he alleged as follows: That he was the holder of two promis-

sory notes made by one Robert K. Elliott, and that they amounted together to the sum of fifteen hundred dollars, and were over-due and wholly unpaid; that at the time the said indebtedness was contracted by Elliott he was the holder of a policy of insurance on his own life for the sum of ten thousand dollars, which had been issued to him by the Equitable Life Assurance Society of the United States in the month of April, 1875, and payable to him, his executors, administrators and assigns at his death; that on the said policy all the premiums had been paid, which had become due up to the month of July, 1884; that the said premiums amounted to two hundred and eighty dollars a year; that the policy was of the tontine class, and had a value of several thousand dollars; that on or about the 1st of July, 1884, the said Elliott, without value received, caused his interest in the policy to be vested in his wife, Emily L. Elliott, and thereafter he paid the premiums thereon until the time of his death; that at the time he caused the policy to be vested in his wife, he was utterly insolvent and unable to pay his debts, and that the transfer to his wife was made in fraud of the rights of his creditors, and of the complainant in particular; that he did not, *bona fide* or upon good consideration, cause the transfer of the policy to be made to his wife, but that he intended thereby to hinder, delay and defraud his creditors; that the transfer was not made by a simple assignment, but by the issuing of a new policy payable to his wife, the new policy being substituted for the old one, and receiving all the benefits of the premiums paid on it; that Robert K. Elliott died on the eleventh of March, 1885, leaving a last will and testament, by which Charles A. Elliott was appointed executor, and that said will has been duly admitted to probate, and the said executor duly qualified; that due and satisfactory proof of death has been furnished to the Equitable Assurance Society.

The bill of complaint prayed that an account might be taken of the personal estate of the deceased; that the assignment of the policy to Emily L. Elliott should be declared null and void; that an injunction should be issued restraining Emily L. Elliott from receiving the amount insured from the Equitable Life Assurance Society and restraining the society from paying it to her; that a receiver should be appointed; that the proceeds of the policy should be distributed under the order of the Court; that the debt due the complainant with all interest should be paid, and that he should have general relief.

Process was prayed against Emily L. Elliott, the Equitable Life Assurance Society and Charles A. Elliott, executor. The Court (BROOKE, J.,) passed an order for an injunction and the appointment of a receiver. All the defendants filed answers, and Emily L. Elliott appealed from the orders passed by the Court.

The cause was argued before ALVEY, C. J., YELLOTT, ROBINSON, IRVING, and BRYAN, J.

*Joseph K. Roberts,* for the appellant.

*F. Snowden Hill,* for the appellees.

BRYAN, J., after stating the case, delivered the opinion of the Court.

The Act of 1862, ch. 9, was amendatory of the eighth section of Art. 45 of the Code of Public General Laws. It provided that a husband might cause his own life to be insured for the sole use of his wife, and might also assign any policy of insurance on his own life to his wife, for her sole use, and that in case the wife survived the husband, the amount of such insurance should be payable to her for her own use free from the claims of the representatives of her husband, or any of his creditors.

Elliott *vs.* Bryan.

This statute is one of a series of enactments in further-ance of the policy of protecting married women. It en-ables a husband to provide a fund for the benefit of his wife, in which his creditors have no interest or concern. It is nothing to the purpose that the creditors may be un-able to obtain payment of their claims out of the husband's property. This was the very exigency which the statute was intended to meet; this was the occasion when the wife needed protection. It would have been unnecessary to exempt the proceeds of the insurance from the claims of creditors, in cases where the husband's property was sufficient to pay them. It was contemplated, that in cases where the creditors could not otherwise obtain payment, they would resort to this settlement on the wife ; and at this point the statute interposes and secures it to her. There is no restriction, qualification or proviso in the Act of Assembly, and it would be against common reason to except from its operation the cases of husbands who were unable to pay their debts. The Act of 1878, ch. 200, is stated in its title to be intended to authorize the issuing of policies of life insurance for the benefit of the wife, chil-dren, dependent relative, or creditor of any person in this State. It provides that policies of life insurance taken out for the benefit of, or *bona fide* assigned to any of the per-sons named, shall be vested in them free and clear from all claims of the creditors of such insured person. It has been said in behalf of the appellees, that the rights of a husband under the Act of 1862 are restricted by this Act; and that as an assignment of a policy in prejudice of the rights of subsisting creditors would not be *bona fide*, it cannot now be made by a husband in favor of his wife. It must be observed that the Act of 1878 does not purport to amend the Act of 1862, and that, indeed, it does not pursue the mode which the Constitution requires to be adopted when sections of the Code are amended. It does not in terms refer to the Act of 1862, or to any rights con-

Elliott *vs.* Bryan.

ferred by its provisions; its purpose was to embrace other cases not included therein. The previous Act had given the wife rights under a policy acquired from her husband; this Act not diminishing the capacity of the wife to acquire this interest, gives her an additional right to acquire it from any person whomsoever. It confers new rights, but does not take away any already existing. There is in the statute no language of a negative or exclusive character; its purpose was to authorize the making and assignment of policies in the cases mentioned, and not to affect the question of their validity in any other cases. In other words, it was an *enabling* and not a *restraining* statute. Our conclusion is, that the settlement on a wife by her husband under the Act of 1862, stands on its own footing, and is not affected by the Act of 1878.

The bill of complaint assails the transfer of the policy to Mrs. Elliott by her husband, on the ground that at the time of the transfer he was indebted to the complainant and other persons in large sums of money, which he was unable to pay. The transaction is for this reason charged to be fraudulent and void, and the prayer is made for the interposition of equity by injunction and the appointment of a receiver. We have decided that Elliott had a right to assign this policy to his wife, and that his creditors have no interest in it. As the bill cannot on its own showing be maintained, it must be dismissed.

A motion was made in behalf of the insurance company for an allowance out of the proceeds of the policy for costs and counsel fees. There is no principle of equity or rule of practice which would authorize us to make such an allowance.

*Orders reversed, and*
*bill dismissed, with*
*costs in both Courts.*

(Decided 4th December, 1885.)